B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Jaime J. Rullan Tort | **DEFENDANTS**<br>FFI Holdings Puerto Rico, Inc.<br>D/B/A La Familia Casa Empeño |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Landron Rivera & Assoc.<br>P.O. Box 270219, San Juan, PR 00927<br>787-774-0244 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Violation of Stay; 11 U.S.C. 362<br>Turnover of Property of Estate | |

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 100,000 |
| **Other Relief Sought**<br>Order to cease and desist | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR  Jaime J. Rullan Tout | BANKRUPTCY CASE NO.  17-00916 EAG ||
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE  Ponce | NAME OF JUDGE  Edward Godoy |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||
| DATE  March 15th 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)  José Landrau Rivera  Noemí Landrau Rivera ||

## INSTRUCTIONS

    The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

    A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

    The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| IN RE: | **CASE NO. 17-00916 EAG** |
|---|---|
| JAIME J. RULLAN TORT | |
| DEBTOR | CHAPTER 13 |
| JAIME J. RULLAN TORT<br>   PLAINTIFF | **ADVERSARY NO. _____** |
| v. | |
| FFI HOLDINGS PUERTO RICO INC. d/b/a LA FAMILIA CASA DE EMPEÑO; JOHN DOE; ABC CORPORATION; XYZ CORPORATION<br>   DEFENDANT | WILFUL VIOLATION OF AUTOMATIC STAY PURSUANT 11 U.S.C. § 362; TURNOVER OF PROPERTY OF THE ESTATE; CIVIL CONTEMPT |

**COMPLAINT**

TO THE HONORABLE COURT:

　　Comes now, JAIME J. RULLAN TORT, Plaintiff, herein through the undersigned attorneys, and very respectfully before this Honorable Court presents the following complaint and prays:

**I.   JURISDICTION OF THIS COURT**

　　Jurisdiction is invoked under 28 United States Code Section 157 (a)(b)(1) and §§ 157 (b)(2)(I), (b)(2)(O) and Section 1334. This proceeding is a core proceeding.

**II.   VENUE**

　　Venue is proper in this District Court under 28 U.S.C. §1408 & §1409, in as such as all the events or omissions giving rise to the claims of the captioned case occurred within the territory of this jurisdictional district.

### III. PARTIES

1. JAIME J. RULLAN TORT, from hereon PLAINTIFF, is of legal age, employed, resident of Ponce, Puerto Rico and Debtor under bankruptcy case 17-00916 EAG.

2. FFI HOLDINGS PUERTO RICO, INC., also known as La Familia Casa de Empeño, from hereon referred to as "LA FAMILIA", is to the best of PLAINTIFFS' information and knowledge, a corporation duly authorized to do business in Puerto Rico, with the following mailing address: 1200 Jesus T. Piñero Ave., San Juan, PR 00921.

3. JOHN DOE, is fictitious or unknown defendant that is jointly and severally responsible for the acts alleged in this complaint.

4. ABC CORPORATION, is a fictitious or unknown defendant corporation which has issued an insurance policy which provides for the remedies requested in this complaint.

5. XYZ CORPORATION, is fictitious or unknown defendant corporation, that is jointly and severally responsible for the acts alleged in this complaint.

### IV. FACTS

6. On February 13, 2016 Plaintiff filed a voluntary petition for chapter 13 bankruptcy relief under case number 17-00916 EAG. Debtor included LA FAMILIA as creditor in the case. See Main Case Docket Entry Number 1.

7. Debtor owns two motor vehicles which are described as follows: 2007 Jeep Grand Cherokee and 2003 Ford Expedition, this vehicles are encumbered with liens in favor of LA FAMILIA.

8. LA FAMILIA is a creditor in Plaintiff's bankruptcy case which holds a "title loan" with a lien encumbering Plaintiff's motor vehicles described above registered within the Department

of Transportation and Public Works of the Commonwealth of Puerto Rico (DTOP).

9. Prior to Plaintiff's bankruptcy filing, LA FAMILIA obtained possession of Plaintiff's 2003 Ford Expedition due to his failure to make payment on the debt. LA FAMILIA further requested DTOP place a notice of "Desaparecido (Uso Indebido)" on the 2007 Jeep Grand Cherokee, this practice is made by banks and financial institutions to secure payments since the owner of the vehicle will not be able to renew the license of the vehicle without first obtaining a waiver letter from the creditor.

10. After the filing of Plaintiff's bankruptcy, Debtor appeared before the LA FAMILIA's store located at 606 Rambla Plaza Suite 235, Ave. Tito Castro, Ponce Puerto Rico to request the return of his 2003 Ford Expedition and a letter withdrawing the "Desaparecido (Uso Indebido)" annotation within the DTOP so that he could renew his vehicle's license. Even though Plaintiff showed evidence of his bankruptcy filing and that LA FAMILIA was included as a creditor in the case, he could not obtain either the return of his vehicle nor the letter withdrawing the lien of "Desaparecido (Uso Indebido)".

11. On February 15, 2017 personnel of the office of Plaintiff's counsel under his bankruptcy contacted the LA FAMILIA's store located at La Rambla in Ponce and spoke with Jose Dominicci to again request the return of the 2003 Ford Expedition and the letter withdrawing the "Desaparecido (Uno Indebido)" annotation over the 2007 Jeep Grand Cherokee. Mr. Dominicci stated the manager Mr. Jose Muñiz was on his day off, that he would be in the store the following day and that he (Mr. Muñiz) would return the call. The call was never returned.

12. Counsel for Plaintiff tried on several occasions to contact Mr. Jose Muñiz by telephone at the La Rambla store but was never able to speak to the manager of the store.

13. On March 7, 2017 a letter dated March 2, 2017 was hand delivered at the LA FAMILIA store in La Rambla. In the letter, Plaintiff thru its bankruptcy counsel requested the turnover of the 2003 Ford Expedition and the letter withdrawing the "Desaparecido (Uno Indebido)" annotation over the 2007 Jeep Grand Cherokee so that Debtor can renew the vehicle's license. Copy of letter hand delivered on March 7, 2017 is attached and identified as Exhibit 1.

14. To this day, LA FAMILIA has refused to cooperate with the turnover of the 2003 Ford Expedition which is property of the bankruptcy estate and the the withdrawal of the "Desaparecido (Uso Indebido)" annotation over the 2007 Jeep Cherokee.

15. LA FAMILIA has been notified of PLAINTIFF's filing for bankruptcy.

16. As creditor in PLAINTIFF's case, LA FAMILIA is barred from making and/or continuing any collection effort against PLAINTIFF outside of the bankruptcy proceedings.

17. LA FAMILIA's actions seek payment for a debt which is part of the bankruptcy proceedings, proceeding of which it has been notified, this in violation of the automatic stay order in effect.

18. PLAINTIFF is suffering from lack of transportation and has had to incur in additional hardships and costs unnecessarily, all this caused by LA FAMILIA's deliberate and illegal actions.

19. Actions perpetrated by LA FAMILIA and its agents acting on its behalf have caused damages to PLAINTIFF, as he has been placed in a state of uncertainty, anxiety, metal suffering, frustration and shame for he has been deprived of his property (motor vehicles) in payment of a debt included in the bankruptcy, debt for which PLAINTIFF is to provide for under bankruptcy law.

20. LA FAMILIA's cavalier attitude of not turning over to PLAINTIFF his motor vehicle and not releasing the "Desaparecido (Uso Indebido)" lien over PLAINTIFF his motor vehicle after

having been notified of his bankruptcy and holding the property in lieu of payment show a total disregard of bankruptcy law.

## V. VIOLATION OF AUTOMATIC STAY

21. Creditor's collection efforts against a debtor that filed for relief under the Bankruptcy Code constitutes a violation of the automatic stay, according to Section 362 of the Bankruptcy Code, 11 U.S.C. § 362.

22. Collection efforts includes any act to create, perfect or enforce any lien against property of the estate, 11 U.S.C. § 362 (4); any act to obtain possession of property of the estate or of property from the estate or to exercise control over the property of the estate, 11 U.S.C. § 362 (3) and any conduct described in Section 362 of the Bankruptcy Code.

23. Once notified of a debtor's filing for bankruptcy relief, creditors have a duty to prevent violations of the automatic stay and to act diligently in order to avoid violations of the automatic stay.

24. The protection of Section 362 of the Bankruptcy Code begins from the very moment the bankruptcy petition is filed and until the case is closed or dismissed. Plaintiff's case has not been dismissed or closed.

25. PLAINTIFF's vehicle has been retained in a collection effort for a pre-petition debt, by a creditor who was notified of the bankruptcy filing. This constitutes a collection efforts against a debtor that is protected by the automatic stay. Collection efforts with knowledge of a filing for bankruptcy relief, constitute a wilful violation of the automatic stay.

26. LA FAMILIA has set forth collection efforts and continued such collection efforts in spite of having full knowledge that PLAINTIFF was under bankruptcy relief. Damages under Section 362 of the Bankruptcy Code include actual and punitive damages for violation of the

automatic stay.

27. Actions perpetrated by Defendant caused damages to PLAINTIFF, as he has been placed in a state of uncertainty, anguish, stress, mental suffering, frustration and anxiety due to defendants' illegal and intimidating actions.

28. The actions perpetrated by defendants are clear and willful violations of the automatic stay.

## VI. CIVIL CONTEMPT

29. PLAINTIFF realleges each and every preceding allegation as if fully set herein.

30. In doing so, Defendant has acted with knowledge that PLAINTIFF has filed a bankruptcy petition for relief and those such act constitutes a willful violation of the Automatic Stay Order.

31. Such actions were willful, deliberate and egregiously in violation of the Automatic Stay Order.

32. Defendant has had knowledge of the wrongs, conspired as aforesaid, had the power to prevent or aid in preventing the commission of the same, and neglected to do so. Creditors have a duty to avoid violations of the automatic stay and the actions perpetrated by Defendant are part of a corrupted and belligerent practice of collection which is recklessly and purposely done in complete violation of this Honorable Court's jurisdiction.

33. As a result of Defendant's intentional, deliberate and unlawful conduct, PLAINTIFF is entitled to compensatory damages in the amount of $ 50,000.00 for costs, damages, suffering and mental anguish.

34. LA FAMILIA is a corporation which has several stores in Puerto Rico and who is well aware of the Bankruptcy Code's dispositions yet has chosen to ignore them in an attempt at

harassing and intimidating PLAINTIFF into making payment. LA FAMILIA's intentional and deliberate actions are in reckless disregard of this Honorable Court's orders, namely the automatic Stay Order, for which punitive damages in an amount not less than $50,000.00 dollars should be awarded to PLAINTIFF.

35. As a result of Defendant's deliberate actions, PLAINTIFF is entitled to reasonable costs and attorney's fees.

WHEREFORE, in view of the foregoing, PLAINTIFF respectfully requests this Honorable Court to grant judgement in his favor in the following manner:

i $50,000.00 in actual damages against Defendant.

ii $50,000.00 in punitive damages against Defendant.

iii Costs and attorney's fees pursuant to 11 U.S.C. § 362(h).

iv. Ordering the immediate turnover of the 2003 Ford Expedition to Plaintiff.

v. Ordering the cancellation of the "Desaparecido (Uso Indebido)" annotation before the DTOP.

vi. Issue order to Cease And Desist From Violations Of The Automatic Stay against all Defendants.

vii. Hold Defendant in contempt of court for willful violation of the automatic stay order.

viii. Any other relief that this Honorable Court may deem appropriate

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico this 15th day of March, 2017.

I HEREBY CERTIFY: That a true and correct copy of this complaint has been served to Chapter 13 Trustee, **Alejandro Oliveras Rivera**, at P.O. Box 9024062, San Juan, P.R. 00902-4062.

LANDRAU RIVERA & ASSOCIATES
Counsel for Plaintiff
P.O. Box 270219
San Juan, PR 00927-0219
Tel. (787) 774-0224
Fax. (787) 793-1004


/s/ Noemí Landrau Rivera
NOEMI LANDRAU RIVERA
USDC 215510
nlandrau@landraulaw.com

/s/ Josué A. Landrau Rivera
JOSUE A. LANDRAU RIVERA
USDC 226108
jlandrau@landraulaw.com

Exhibit 1

# Landrau Rivera & Associates

Attorneys and Counselors at Law
PO BOX 270219
San Juan, PR 00927-0219
Tel. (787) 774-0224 / 273-7949
Fax (787) 793-1004

Noemí Landrau Rivera
Josué A. Landrau Rivera

ENTREGA PERSONAL

2 de marzo del 2017

Sr. José Muñiz, Manager
La Familia Casa de Empeño
606 Rambla Plaza Suite 235
Ave. Tito Castro
Ponce, Pr 00731

RE: CASO QUIEBRA NO.: 17-00916 EAG

*[Handwritten note: Sr. Muñiz - NO. Entregada el 7-marzo-2017 en Casa de Empeño La Familia Rambla Ponce a las 6:38 P.M.]*

Estimado señor Muñiz:

El abogado que suscribe representa al Sr. Jaime J. Rullan Tort quien radicó una petición de capitulo 13 del Código de Quiebras ante el Tribunal de Quiebras para el Distrito de Puerto Rico bajo el número 17-00916 EAG. Copia de la notificacion de la radicacion del caso se aneja e identifica como Exhibit 1. La Familia Casa de Empeño ha sido incluida como acreedor en el caso. Copia de Lista de Acreedores en el caso de quiebras se aneja e identifica como Exhibit 2.

El señor Rullan es dueño de dos vehiculos de motor los cuales estan sujetos a deuda con su organización, a saber: Ford Expedition del 2003 y Jeep Grand Cherokee del 2007. Como parte de los procesos del caso de capitulo 13 del Sr. Rullan las deudas que gravan los vehiculos antes mencionados han de ser pagadas en su totalidad. Previo a la radicación del caso de quiebra, se había anotado un gravamen de uso indebido y/o desaparecido ante el DTOP sobre el vehículo Jeep Grand Cherokee. De igual manera, previo a la radicación del caso su organización obtuvo la posesión del vehículo Ford Expedition.

Estando el Sr. Rullan acogido a la Ley de Quiebra y proveyendo su caso para la totalidad de las deudas que gravan los vehiculos, se solicita que emitan carta mediante la cual se retira el gravamen de uso indebido y/o desaparecido an el DTOP a manera de que el Sr. Rullan pueda renovar el marbete del vehículo Jeep Grand Cherokee. De igual manera se solicita la entrega del vehiculo Ford Expedition.

Por la presente se solicita la pronta entrega del vehículo Ford Expedition y la entrega de la carta liberando el gravamen de uso indebido y/o desaparecido dentro de 24 horas a la fecha del recibo de la carta.

En espera de su pronta atención a este asunto, quedo.

Cordialmente,

JOSUE A. LANDRAU RIVERA
USDC 226108