**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: <br><br> JAIME J. RULLAN TORT <br><br> Debtor | Case No. 17-00916 (EAG) <br><br> CHAPTER 13 |
| JAIME J. RULLAN TORT <br><br> Plaintiff <br><br> v. <br><br> FFI HOLDINGS PUERTO RICO, INC., ET ALS. <br><br> Defendant | Adversary No. 17-00072 (EAG) |

**ANSWER TO ADVERSARY COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW Defendant, FFI Holdings Puerto Rico, Inc. ("FFI") through the undersigned counsel and very respectfully alleges and prays:

**I. JURISDICTION**

1. The allegations in this unnumbered paragraph of the Adversary Complaint constitute legal conclusions; thus, it does not require a responsive pleading. Insofar as a response may be warranted, the allegations are denied.

**II. VENUE**

1. The allegations in this unnumbered paragraph of the Adversary Complaint constitute legal conclusions; thus, it does not require a responsive pleading. Insofar as a response may be warranted, the allegations are denied.

### III. PARTIES

1. Paragraph 1 is denied for lack of sufficient information to form a belief as to the veracity of the averment.

2. Paragraph 2 is admitted, with the clarification that its proper mailing address is 2600 Lucient Drive, Suite 116, Maitland, FL 32751.

3. Paragraph 3 does not pertain to FFI and thus does not require a responsive pleading. Insofar as a response may be warranted, paragraph 3 is denied.

4. Paragraph 4 does not pertain to FFI and thus does not require a responsive pleading. Insofar as a response may be warranted, paragraph 4 is denied.

5. Paragraph 5 does not pertain to FFI and thus does not require a responsive pleading. Insofar as a response may be warranted, paragraph 5 is denied.

### IV. PARTIES

6. Paragraph 6 is admitted.

7. Paragraph 7 is admitted.

8. Paragraph 8 is admitted.

9. As to paragraph 9, it is admitted that prior to Plaintiff's bankruptcy filing, FFI repossessed the 2003 Ford Expedition for failure to make payments, and that FFI requested DTOP to place a notice of "Desaparecido" on the 2007 Jeep Grand Cherokee. The remainder of paragraph 9 is denied. As soon as it was notified of Plaintiff's bankruptcy filing, FFI requested DTOP to rescind the "Desaparecido" notice. Upon information and belief, at present time DTOP has rescinded the same.

10. Paragraph 10 is denied for lack of sufficient information to form a belief as to the veracity of the averment. FFI does not have records reflecting the alleged store visit by Plaintiff. FFI is in possession of a letter dated March 2, 2017 directed by counsel for Plaintiff to Mr. José

Muñiz, an employee of FFI. The letter was delivered in person to the FFI store located in Ponce on March 7, 2017.

11. Paragraph 11 is denied for lack of sufficient information to form a belief as to the veracity of the averment. FFI does not have records of the alleged telephone calls.

12. Paragraph 12 is denied for lack of sufficient information to form a belief as to the veracity of the averment. FFI does not have records of the alleged telephone calls.

13. As to paragraph 13, the first sentenced is admitted. The remainder of paragraph 13 is denied; the letter speaks for itself.

14. Paragraph 14 is denied.

15. Paragraph 15 is admitted.

16. Paragraph 16 constitutes legal conclusions; thus, it does not require a responsive pleading. Insofar as a response may be warranted, it is denied.

17. Paragraph 17 constitutes legal conclusions; thus, it does not require a responsive pleading. Insofar as a response may be warranted, it is denied.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied.

20. Paragraph 20 constitutes legal conclusions; thus, it does not require a responsive pleading. Insofar as a response may be warranted, it is denied.

**V. VIOLATION OF AUTOMATIC STAY**

21. Paragraph 21 constitutes legal conclusions; thus, it does not require a responsive pleading. Insofar as a response may be warranted, it is denied.

22. Paragraph 22 constitutes legal conclusions; thus, it does not require a responsive pleading. Insofar as a response may be warranted, it is denied.

23. Paragraph 23 constitutes legal conclusions; thus, it does not require a responsive pleading. Insofar as a response may be warranted, it is denied.

24. Paragraph 24 constitutes legal conclusions; thus, it does not require a responsive pleading. Insofar as a response may be warranted, it is denied.

25. Paragraph 25 constitutes legal conclusions; thus, it does not require a responsive pleading. Insofar as a response may be warranted, it is denied.

26. Paragraph 26 is denied. FFI has not engaged in any collection effort whatsoever subsequent to being notified of Plaintiff's bankruptcy filing.

27. Paragraph 27 is denied.

28. Paragraph 28 constitutes legal conclusions; thus, it does not require a responsive pleading. Insofar as a response may be warranted, it is denied.

### VI. CIVIL CONTEMPT

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied.

34. Paragraph 34 is denied.

35. Paragraph 35 is denied.

FFI denies the Prayer for Relief as well as any paragraph and/or allegations in the Complaint that it has not specifically admitted.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. FFI denies violating any of Plaintiff's statutory rights for which it claims relief.

3. At all times relevant to this action, FFI never acted with malice or willful disregard of any applicable statute.

4. Plaintiff has not provided adequate protection for FFI's security interests in the vehicles.

5. Plaintiff is not entitled to any remedy under any statute or regulation.

6. Plaintiff is not entitled to any interests, costs or attorneys' fees.

7. FFI engaged in good-faith efforts to comply with applicable statutes.

8. FFI reserves the right to amend this Answer and the foregoing affirmative defenses as a result of discovery proceedings.

**WHEREFORE**, FFI respectfully requests from this Honorable Court to enter judgment dismissing the Complaint.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 17th day of April, 2017.

**I HEREBY CERTIFY**: That on this date a true and exact copy of the foregoing document has been filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of the filing to parties in interest.

**PIETRANTONI MENDEZ & ALVAREZ LLC**
Popular Center, 19th Floor
208 Ponce de León Ave.
San Juan, Puerto Rico 00918
Telephone: (787) 274-1212
Fax: (787) 274-1470

S\ JASON R. AGUILÓ SURO
JASON R. AGUILÓ SURO
USDC No. 227311
jaguilo@pmalaw.com

- 6 -