**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | Case No. 17-00916 (EAG) |
| JAIME J. RULLAN TORT | CHAPTER 13 |
| Debtor | |
| JAIME J. RULLAN TORT | Adversary No. 17-00072 (EAG) |
| Plaintiff | |
| v. | |
| FFI HOLDINGS PUERTO RICO, INC., ET ALS. | |
| Defendant | |

## MOTION REGARDING DEBTOR'S REPLY AND VOLUNTARY TURNOVER OF PROPERTY

TO THE HONORABLE COURT:

COMES NOW Defendant, FFI Holdings Puerto Rico, Inc. ("FFI") through the undersigned counsel and very respectfully alleges and prays:

1)      On April 10, 2017, Plaintiff/Debtor filed a Motion for Turnover of Property. See Docket No. 6. In it, Plaintiff demands that FFI be ordered to immediately and unconditionally return to Debtor a vehicle repossessed pre-petition by FFI. See Docket No. 6. On April 17, 2017, FFI filed an Opposition where it cited a wide number of decisions where courts held that a creditor does not have an affirmative duty to return a vehicle repossessed pre-petition until such time as the debtor provides adequate protection of the creditor's interest in the vehicle. See Docket No. 8. In response, on April 9th, Debtor filed a Reply where it cited to a decision by the U.S. Bankruptcy Appellate Panel for the First Circuit holding that the creditor has a duty to

return collateral repossessed pre-petition upon notification of a bankruptcy filing even if adequate protection has yet to be established. See Reliable Equip. Corp. v. Turabo Motors Co. In re Turabo Motors Co., 2002 Bankr. Lexis 1278 (B.A.P. 1st Cir. 2002). **However, Debtor omitted mentioning that In re Turabo Motors Co. is an unpublished decision** (FFI was until then unaware of the decision, which is not available on the Westlaw database). Per First Circuit Rules, an "unpublished decision" – defined by the First Circuit as one "not selected for publication in the West Federal Reporter series, *e.g.*, F., F.2d, and F.3d." – **is not accorded precedential value**. See, First Circuit Rule 32.1.0(a).

2)      Debtor's Reply thus confirms that the current state of affairs is that the legal controversy underlying the Motion for Turnover is one that to date has no binding precedent in this jurisdiction. It thus warrants mentioning that given the weight of reported cases cited in FFI's Opposition – on which FFI relied in good faith as to its position regarding the vehicle repossessed pre-petition in this case – it would be an injustice to attribute an automatic stay violation to FFI.

3)      At the same time, FFI recognizes that the In re Turabo Motors Co. decision, while lacking precedential value, *does* have persuasive value. Therefore, while FFI maintains that it did not violate the automatic stay inasmuch as the In re Turabo Motors Co. decision is not settled law in this District, it does feel that the most prudent and good faith course of action at this juncture is to voluntarily turn over the vehicle to Debtor.

4)      **Accordingly, FFI has decided to voluntarily turn over the vehicle in question to Debtor**. FFI will be contacting counsel for Debtor today to coordinate Debtor's pickup of the vehicle as soon as possible.

- 2 -

5)      In light of the above, FFI respectfully requests that the Honorable Court dismiss the Motion for Turnover as moot and cancel the Hearing to Consider the Motion set for May 16th (see Docket No. 10), also as moot.

**WHEREFORE**, FFI respectfully requests that the Honorable Court dismiss the Motion for Turnover as moot and cancel the Hearing to Consider the Motion set for May 16th (see Docket No. 10), also as moot.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 10th day of May, 2017.

**I HEREBY CERTIFY**: That on this date a true and exact copy of the foregoing document has been filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of the filing to parties in interest.

**PIETRANTONI MENDEZ & ALVAREZ LLC**
Popular Center, 19th Floor
208 Ponce de León Ave.
San Juan, Puerto Rico 00918
Telephone: (787) 274-1212
Fax: (787) 274-1470

S\ JASON R. AGUILÓ SURO
JASON R. AGUILÓ SURO
USDC No. 227311
jaguilo@pmalaw.com

## **NOTICE**

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank.P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.